# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2017

Lyle W. Cayce
Clerk

No. 16-60799
Summary Calendar

MARIVEL MORENO HERNANDEZ; YAEL CHAVEZ MORENO,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 119 399
BIA No. A208 119 400

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marivel Moreno Hernandez and her son Yael Chavez Moreno petition for review of the decision of the Board of Immigration Appeals (BIA) following the denial by the immigration judge of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We review

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60799

the denial of relief for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Substantial evidence supports the finding that Moreno Hernandez was not entitled to asylum, withholding of removal, or CAT relief. The record does not compel the conclusion that she had a well-founded fear of persecution on account of a protected ground, as the domestic partner of a person who was persecuted by Mexican authorities. *See Chen*, 470 F.3d at 1134. Though she argues that her testimony "strongly supports a finding" that she was targeted on account of her relationship, the evidence does not compel such a finding. *See id.* Moreover, she has not identified any evidence demonstrating that this group would be seen as a recognizable group in Mexico. *See Orellana-Monson v. Holder*, 685 F.3d 511, 522 (5th Cir. 2012). Because she offered no evidence establishing the involvement of the police department or other government agency and relies on evidence that Mexico has widespread police corruption, the record does not compel a conclusion that she would more likely than not be tortured by or with the acquiescence of the Mexican government upon removal. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493-94 (5th Cir. 2015); *Roach v. Lynch*, 632 F. App'x 192, 199 (5th Cir. 2015).

Moreno Hernandez's petition for review is DENIED.